%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANGELA HOOVER

**DEFENDANTS**
CREDITORS FINANCIAL GROUP, LLC

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

(☒ 480 Consumer Credit selected under OTHER STATUTES)

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE 11-1-10

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 900 May Post Office Road, Strasburg PA 17579

Address of Defendant: 3131 South Vaughn Way, Ste 110, Aurora, CO 80014

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases   15 U.S.C. § 1692
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11-1-10        Craig Thor Kimmel         57100
                     Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11-1-10        Craig Thor Kimmel         57100
                     Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Angela Hoover                          :                CIVIL ACTION
                                       :
                    v.                 :
                                       :
Crediters Financial Group, LLC                         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (X)

| 11-1-10 | Craig Thur Kimmel | Angela Hoover |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA HOOVER, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| CREDITORS FINANCIAL GROUP, LLC, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANGELA   HOOVER   ("Plaintiff"),   by   her   attorneys,   KIMMEL   &

SILVERMAN,   P.C.,   alleges   the   following   against   CREDITORS   FINANCIAL

GROUP, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),

which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.    Plaintiff, ANGELA HOOVER, is a natural person residing in Strasburg, Pennsylvania, 17579.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant, CREDITORS FINANCIAL GROUP, LLC, is a national debt collection company with its corporate headquarters located at 3131 South Vaughn Way, Suite 110, in Aurora, Colorado, 80014.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

- 2 -

# PRELIMINARY STATEMENT

11.   The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

- 4 -

# FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.    On or about August 5, 2009, Defendant sent Plaintiff a letter to Plaintiff seeking and demanding payment in the amount of $4,014.18 for an alleged debt owed to Chase Bank.  See Exhibit "A", Defendant's August 5, 2009, letter.

18.    In its letter to Plaintiff, Defendant did not identify itself as a debt collector.

19.    Thereafter, on or about September 11, 2009, Defendant sent a second letter to Plaintiff seeking and demanding payment for a debt alleged to be owed to Chase Bank.

20.    Defendant claimed that Plaintiff's failure to respond to its previous correspondence, made it "unable to provide [its] client with an accurate disposition of the above account," leading Plaintiff to believe that this was a legal matter.

21.    Further, Defendant stated, "We would like to be able to render a fair decision as to what the next step should be in recovering your past due balance," making Plaintiff believe that Defendant would take further collection actions if she

- 5 -

did not pay the alleged debt.

22.    Then, on or about November 2, 2009, Defendant sent correspondence to Plaintiff titled, "DEMAND FOR PAYMENT." See Exhibit "C", Defendant's November 2, 2009, letter.

23.    In its letter, Defendant threatened that if Plaintiff did not remit payment to its office "within a reasonable period of time," that it "will be compelled to recommend that your account be referred to our client for whatever action is necessary to effect collection." See Exhibit "C", Defendant's November 2, 2009, letter.

24.    Less than thirty (30) days later, on or about November 30, 2009, Defendant sent correspondence to Plaintiff titled, "SETTLEMENT OFFER," again making Plaintiff believe that this was a legal matter.

25.    Defendant offered Plaintiff a "balance reduction of up to 30% on your current balance due," but the only way for Plaintiff to take accept the offer was to contact Defendant.

26.    Further, Defendant failed to state the actual amount of the settlement offer was or that there were possible tax consequences if the debt was settled for an amount which was less than $3414.18.

27.    Further, Defendant encouraged Plaintiff to contact it regardless of whether she could pay the alleged debt, stating that there were "alternative

- 6 -

methods of payment," which was confusing to Plaintiff and caused Plaintiff to believe that Defendant wanted her to ask family and friends for money.

28.    In addition to sending Plaintiff letters in its attempts to collect the alleged debt, Defendant made repeated telephone calls to Plaintiff's home telephone, for no other purpose than to harass Plaintiff.

29.    In fact, in its September 11, 2009, letter to Plaintiff, Defendant acknowledged having made repeated and harassing calls to Plaintiff, stating "We have tried diligently on *numerous occasions*, by both *telephone* and mail, to reach you..." (emphasis added).  <u>See</u> Exhibit "B", Defendant's September 11, 2009, correspondence.

30.    Defendant's actions in attempting to collect the alleged debt were harassing, misleading and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

31.    The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for

- 8 -

bizarre or idiosyncratic interpretations of collection notices.  <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated of the FDCPA generally;

    b.  Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c.  Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d.  Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    e.  Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    f.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer

- 9 -

that it was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

g. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, ANGELA HOOVER, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELA HOOVER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 1, 2010          KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 11 -

PLAINTIFF'S COMPLAINT

PO BOX 440290
AURORA CO 80044-0290

**CREDITORS**
**FINANCIAL GROUP, LLC**
**Toll Free: 1-877-298-2251**

RE: Your account with our client
CHASE BANK, USA, N.A.

Reference No. 6894234  CMP

Date of Service: 02-27-09
Account: 5263400259221441
Total Due: $4014.18

Date: 08-05-09

01-M1                     *A-01-AKN-AM-10992

AMILA HOOVER
900 MAY POST OFFICE RD
STRASBURG PA 17579-9729

53

CREDITORS FINANCIAL GROUP, LLC
PO BOX 440290
AURORA CO 80044-0290

---

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

---

The above claim for 4014.18 has been placed with our office for collection.

At this time we are asking that you kindly forward your check or money order, made payable to - Creditors Financial Group, in the enclosed envelope. Should you have any additional questions or wish to make payment arrangements please contact our office at the toll free number listed above.

Respectfully,

Creditors Financial Group

Unless you, the consumer, notify this collection agency within thirty (30) days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this collection agency. If you, the consumer, notify this collection agency in writing within thirty (30) days after receipt of this notice, that the debt or any portion thereof is disputed, this collection agency will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this collection agency. Upon your written request within thirty (30) days after receipt of this notice this collection agency will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTON PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Creditors Financial Group, LLC**
3131 South Vaughn Way Ste 110
Aurora, CO 80014
303-369-2345

**Office Hours:**
Monday - Thursday    7:00 am - 7:00 pm
Friday                        7:00 am - 5:00 pm
Saturday                   7:00 am - 12:00 Noon
Sunday                      Closed



CFG

PO BOX 440290
AURORA CO 80044-0290

# CREDITORS
# FINANCIAL GROUP, LLC

**Toll Free: 1-877-298-2251**

Reference No. 6894234 C11

RE: Your account with our client
CHASE BANK, USA, N.A.

Date: 09-11-09

Date of Service: 02-27-09
Account: 5263400259221441
Total Due: $4014.18

02-M2                                    *A-01-YF8-AM-20724

HOOVER, AMILA
900 MAY POST OFFICE RD
STRASBURG PA 17579-9729                100

CREDITORS FINANCIAL GROUP, LLC
PO BOX 440290
AURORA CO 80044-0290

Due to a lack of response, this office has been unable to provide our client with an accurate disposition on the above account. We have tried diligently on numerous occasions, by both telephone and mail, to reach you but have been unsuccessful. We would like to be able to render a fair decision as to what the next step should be in recovering your past due balance.

We would like you to recognize the obligation you have to our client by either paying the full amount due on your account or contacting this office to work out a suitable payment arrangement.

As we have mentioned before, our specially trained account representatives are ready to assist you with making the arrangements necessary to resolve this matter. Please call during our convenient business hours.

Is your address correct?
Please update if it is not _____
What is your daytime phone number? _____
What is your evening phone number (if different than day)_____
Do you have an alternate reach? (cell phone, pager)_____

Sincerely,

Creditors Financial Group

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This correspondence has been sent by a professional debt collector.



PLAINTIFF'S
EXHIBIT
B

**Creditors Financial Group, LLC**
3131 South Vaughn Way Ste 110
Aurora, CO 80014
303-369-2345

**Office Hours:**

| | |
|---|---|
| Monday - Thursday | 7:00 am - 7:00 pm |
| Friday | 7:00 am - 5:00 pm |
| Saturday | 7:00 am - 12:00 Noon |
| Sunday | Closed |

CFG

PO BOX 440290
AURORA CO 80044-0290

◼◼ CREDITORS
FINANCIAL GROUP, LLC
**Toll Free: 1-877-298-2251**

Reference No. 6894234  C11

RE: Your account with our client
CHASE BANK, USA, N.A.

Date: 11-02-09

Date of Service: 02-27-09
Account: 5263400259221441
Total Due: $4014.18

71-M2                            *A-01-VWI-AM-06488

HOOVER, AMILA
900 MAY POST OFFICE RD
STRASBURG PA 17579-9729                   33

CREDITORS FINANCIAL GROUP, LLC
PO BOX 440290
AURORA CO 80044-0290

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

## - D E M A N D   F O R   P A Y M E N T -

If your remittance is not received by this office within a reasonable period of time, we will be compelled to
recommend that your account be referred to our client for whatever action is necessary to effect collection.

It is therefore imperative that you forward full payment or contact us at the toll free number listed above to make
arrangements.

Sincerely yours,

Creditors Financial Group

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This correspondence
has been sent by a professional debt collector.

*Threat upon*
*following*
*Through*

PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®
_C_

**Creditors Financial Group, LLC**
3131 South Vaughn Way Ste 110
Aurora, CO 80014
303-369-2345

**Office Hours:**
Monday - Thursday      7:00 am - 7:00 pm
Friday                         7:00 am - 5:00 pm
Saturday                     7:00 am - 12:00 Noon
Sunday                       Closed

cfa

PO BOX 440290
AURORA CO 80044-0290


# CREDITORS
## FINANCIAL GROUP, LLC
**Toll Free: 1-877-298-2251**
RE: Your account with our client
CHASE BANK, USA, N.A.

Reference No. 6894234  C37

Date of Service: 02-27-09
Account: 5263400259221441
Total Due: $4014.18

Date: 11-30-09

68-M2          *A-01-CWM-AM-03748-18

HOOVER, AMILA
900 MAY POST OFFICE RD
STRASBURG PA 17579-9729

CREDITORS FINANCIAL GROUP, LLC
PO BOX 440290
AURORA CO 80044-0290

## SETTLEMENT OFFER:

In reviewing the above referenced account we have determined that you are entitled for a balance reduction of up to 30% on your current balance due. If you wish to take advantage of this opportunity please contact our office immediately at the toll free number listed above for information regarding this settlement offer, including alternative methods of payment. This offer will expire 30 days after the date of this notice. It would be to your benefit to take advantage of this offer while we are still able to extend it to you.

Sincerely yours,

Creditors Financial Group

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This correspondence has been sent by a professional debt collector.

PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®
D

**Creditors Financial Group, LLC**
3131 South Vaughn Way Ste 110
Aurora, CO 80014
303-369-2345

**Office Hours:**
Monday - Thursday   7:00 am - 7:00 pm
Friday              7:00 am - 5:00 pm
Saturday            7:00 am - 12:00 Noon
Sunday              Closed

CFG